We have a motion being argued, Kelly v. Honeywell. We'll hear from you first, please. Good morning, your honors. William Wertheimer on behalf of Movement Appellees. Excuse me. I have three brief points. First, Honeywell promised on the record to this court a promise that this court recorded in its order that it would continue medical benefits, which are the subject of this lawsuit, quote, until the litigation is over at this court and the district court, end quote. Second, the context of this promise was we were arguing a motion to stay that Honeywell had brought seeking a stay of the trial as to the subclass B retirees. That's the subject of the appeal in 2075. We argued that we would be prejudiced if this court granted a stay because if we could go to trial, we could get to trial and there would be no need to litigate the preliminary injunction issue. That is, we would have a final injunction. You know, we've only given you a few minutes. I think you can assume that we've read the materials on the background. Why don't you tell us where you think you need relief on a motion today? Yes, that's my third point. We think that that means, given the promise that was made, we think that that means that there is no case or controversy as to the preliminary injunction appeal. We think it's as simple as that. As I understand your adversary's response, they're saying that they'll keep this all in place while this is all being litigated, but they do want to litigate it because if they succeed in challenging it, then they'll lift it. But until that time, they're assuring you they won't disrupt things. So why shouldn't they have that opportunity, tell us? That is what they say, but that's not what they said to this court, and that's not what this court said in its order. When this court initially issued its order, that's how the order read. In granting the motion to stay, we brought a motion to correct the record that this court granted, calling it a motion to amend, and what the amendment was was to say that the promise was not just to keep the benefits in place as long as the preliminary injunction was in effect. We didn't need that promise. We know they're going to do that. The promise was to keep the benefits in effect until the case is over at this court, i.e., the injunction issue is being decided on appeal and the district court. It was a flat-out promise that the benefits would remain in effect until the case was over, period. And that means we think that the preliminary injunction issue is moot. There's no case for controversy. They have promised that even if the preliminary injunction, if this court reverses this to the preliminary injunction and sends it back to the district court, they have promised the benefits will remain in effect. Therefore, neither side has anything at stake as to whether a preliminary injunction issues. And I think it's clear, if the court looks at the two orders that this court issued in response to the earlier motion, you can see that this court first issued an order consistent with the court's question, but that then we asked the court to take a look at the record to see what the representation really was, and this court issued an amended order and made very clear that the promise was that the benefits would remain in effect. All benefits would remain in effect until this case is over at this court, whatever it would decide on the injunction issues, and at the district court. Therefore, neither side has any interest in whether a preliminary injunction was properly issued by the district court. Thank you. Good morning. Brian Orlier for the appellant, Honeywell. I think there's two questions actually presented by the plaintiff's motion. They argue in the first instance that our agreement to continue to pay the benefits until the final resolution of the dispute moots the controversy and the matter is no longer justiciable under Article III. As I think the court recognizes, there's no final judgment here, and we continue to challenge the district court's rulings with these consolidated appeals. What did the representation mean, then, that you would continue to pay benefits through the disposition of the case in the district court? What did that mean, other than that you were going to — that this would not be an issue through the resolution of the appeal? Well, certainly, Your Honor, and there is — if the court were to listen to the recording of the argument, there was a colloquy. There was a concern on the court's part that were we to get this court to order the district court to stay the proceedings, somehow we'd go back to the district court and look to lift the injunctions, visiting all sorts of difficulties on the participant class. The benefits have been reinstated. At one level, I'll say that's a good thing for the participant class, pending the outcome of these proceedings, and back in the district court. Now, by the way, our substantive position is a little different than counsel suggests. We're saying, as a matter of law, when this court gets to the merits of the dispute based on the governing contracts, there is no obligation to pay these benefits. It will all be over. But again, there are individuals who are receiving benefits presently, and this court expressed a concern on their behalf. I don't think that's particularly remarkable. And frankly, it's a good thing for the participant class members. Their position essentially seems to be that we should, to preserve this court's appellate jurisdiction, basically pull the plug on the benefits, perhaps putting ourselves in contempt, which doesn't sort of make a world of sense, I think, to anybody involved here. And the point's well made, Your Honor. The very opinion he relies on, New York City Retirement System, page one of their opening memo, actually this court looked at the very question of mootness. And there's a test, and I think the opinion actually resolves forever this question. The issue is whether the injunction, and now I'm sort of loosely quoting this court's ruling, where the injunction no longer controls the future activities of the parties and the consequences of the compliance cannot be undone. In that circumstance, there's no Article III case or controversy anymore. And I'm quoting here that opinion, where the compliance with an injunction fully and irrevocably carries out the terms of the injunction, then there's mootness. Look, our interim compliance with these injunctions doesn't forever resolve this dispute. Far from it. I submit, and I'm hopeful, that when this court gets to the merits, it will rule in our favor, and that will be the end of the litigation. Now, by the way, I think there's a second question in here that's not particularly well stated in their briefs, is whether and to what extent, again, our willingness to comply with the injunctions somehow undermines our right to an interlocutory appeal under 1292A1. I think that the case law, common sense, and indeed even the law of the case is to the contrary. As I said a moment ago, their suggestion, I think, encourages, or lurking in the argument, is the notion that we have to somehow disavow these injunctions to preserve appellate jurisdiction. I submit that cannot be the law. It's sort of a be careful what you wish for circumstance. And again, it cannot be good for the participant class members. Honeywell is willing, and the court, this court recognized, it was the quid pro quo, the juice that animated the deal. We will stay the district court proceedings. Law of the case, I didn't think we could go back to the district court and upend these injunctions after this court brokered this deal. So I submit that the prior panel would be somewhat surprised to learn that we have divested ourselves of subject matter jurisdiction before this court by agreeing basically, and again, in the participant interest, to just maintain the status quo till this dispute is resolved. And by the way, there's a couple more opinions in our brief. It's exactly what Judge Lacero in the 10th Circuit said, and I'll quote, I think it's important. Compliance with an injunction during the pendency of an appeal obviously does not render the appeal moot. If it did, we would lack the power to review injunctions entered by the district court absent non-compliance by the appellant. In other words, again, do we have to put ourselves somehow in contempt to maintain subject matter jurisdiction here in the court of appeals? I submit the answer has to be no, and it's precisely the result this court reached in its own opinion cited in our brief, New York SMSA, and again, there was a willingness on the appellant's part, and apparently this involves some changes to a municipal ordinance. They amended the ordinance subject to the outcome of the appeal. That did not divest the court of appeals of jurisdiction. I respectfully submit the motion should be denied, and hopefully we'll get this thing scheduled for oral argument on the merits and get out of your hair. Thank you. Thank you. We're going to take the matter under advisement, and we'll try and get you a decision quickly on the motion. Thank you very much, gentlemen. The rest of our motion calendar is on submission.